## Warren Springer v. Ernst Puttkammer.

1. INSOLVENCY—*Evidence of.*—To sustain an allegation of insolvency of the maker of a promissory note it is competent to put in evidence executions against him in favor of other parties returned by the sheriff unsatisfied, covering the time in question.

2. Execution—*Meaning of a Return Unsatisfied.*—A return of an execution unsatisfied means that the defendant has no property which the sheriff can levy upon, and is evidence of the defendant's condition for the whole of the time the sheriff held the execution.

**Assumpsit**, against the indorser of a promissory note. Appeal from the Circuit Court of Cook County; the Hon. Elbridge Hanecy, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 3, 1895.

Wm. J. Ammen, attorney for appellant.

It is contended that the burden is on the plaintiff to show, not only that such insolvency existed at the time the note matured, but also to show that such insolvency continued until the commencement of the suit. Execution returned *nulla bona* a year before, does not show such insolvency. Baer v. Lichten, 24 Ill. App. 311; Shufeldt v. Sutphen, 52 Ill. 255; Kelly v. Graves, 74 Ill. 423.

If, at the time the note falls due, a suit against the maker would be unavailing, the holder may proceed at once against the assignor; but if he does not do this, in order to fix the liability of the assignor, he must show that a suit against the maker at any time while he held the note, after its maturity, would have been unavailing. Bledsoe v. Graves, 4 Scam. 383.

Return of executions *nulla bona*, in other cases, against the same party who executed the note, is admissible as tending to prove insolvency at that date, and raises a presumption of insolvency at the date of such return; but, of course, raises no presumption of insolvency at an earlier date; nor does it raise presumption of a continuance of insolvency permanently after such date. Philips v. Webster, 85 Ill. 146.

Stein & Platt, attorneys for appellee.

It is contended that the return of the sheriff of an execution unsatisfied against the maker of a note, is competent evidence to prove the insolvency of such maker in an action

against an indorser.    Phillips v. Webster, 85 Ill. 146; Terry
v. Tubman, 92 U. S. 156; Yates v. Hoffman, 5 Hun 113;
Reynolds v. Pharr, 9 Ala. 560.

It is sufficient to show that ordinary means to collect an
execution would have been unavailing.    The plaintiff is not
obliged to negative the possibility of obtaining money by
garnishment or by speculation in mortgaged property.
Pierce v. Short, 14 Ill. 144.

A condition of insolvency once shown is presumed to
continue until some change is shown.    Wait on Insolvent
Corp., Sec. 33 and cases cited.

Mr. Justice Gary delivered the opinion of the Court.

The appellee sued the appellant as indorser of several
promissory notes which fell due in July, 1893, alleging, in
effect, the total and continued insolvency of the maker when
the notes respectively fell due, and thereafter up to the time
this suit was commenced.

To prove his allegation the appellee put in evidence several
executions in favor of other parties, which were delivered
to the sheriff in June, 1893, and returned no part satisfied in
September, 1893.    Also other executions which were in the
hands of the sheriff most of the time between the return of
the first and the commencement of this suit, with like
returns.

A return of an execution unsatisfied, means that the
defendant has no property which the sheriff can levy upon;
it is sufficient to ground a judgment creditor's bill upon.    R.
S., Sec. 49, Ch. 22.

The return being evidence of the fact, it matters not in
whose favor was the execution, nor whether there was a
judgment upon which it issued.    The return is evidence
because of a legal presumption that the sheriff did his duty
upon process in his hands.    He was not required to look
behind the process for his authority to take the property of
the defendant in execution, if any he had upon which a
levy could be made.    And as any real estate or personal
property of the defendant could be levied upon immediately

when the execution came to, and all the time it was in the sheriff's hands, the return is evidence of the condition of the defendant for the whole time the sheriff held the execution.

There being this absolute—not being contradicted—proof of insolvency as to the most of the time in question, presumption supplied the rest.

The court was right in instructing the jury to find for the appellee, and the judgment is affirmed.